**Signed: September 01, 2006**

_____
**LESLIE TCHAIKOVSKY
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                             No. 02-45201 TK
                                                  Chapter 7
FERNANDO CAMPOS,

        Debtor.
_____/

FERNANDO CAMPOS,                                  A.P. No. 05-4412 AT

        Plaintiff,

   vs.

MICHAEL HEATH,
J. LOUIS DELLI GATTI,,
JUDITH DELLI GATTI, et al.,

        Defendants.
_____/

**MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT**

   Plaintiff Fernando Campos (the "Debtor"), having previously settled with defendant Michael Heath ("Heath"), seeks an award of compensatory and punitive damages against defendants J. Louis and Judith Delli Gatti (the "Delli Gattis") for violation of the discharge injunction. See 11 U.S.C. § 524. For the reasons stated below, the Court will award the Debtor $10,465.75 in compensatory

damages, less a credit of $1,500 for the settlement payments received to date from Heath, and $5,000 in punitive damages. In addition, the Court will direct the Debtor to file a partial satisfaction of judgment in this adversary proceeding promptly after receipt of any additional payments from Heath.

**SUMMARY OF FACTS**

This bankruptcy case was filed as a voluntary chapter 11 case on September 27, 2002 and was converted to chapter 7 on April 17, 2003. The Debtor received his discharge on December 12, 2003. The Delli Gattis filed a proof of claim in the bankruptcy case.[1] In 2004, as the Court has previously found, Mr. Delli Gatti attempted to exercise control over property of the estate. The Debtor filed a motion for compensatory and punitive damages for violation of the automatic stay pursuant to 11 U.S.C. § 362(h). The Court awarded the Debtor compensatory damages of $1,622.50. However, due to the modest amount of the award and the fact that the Debtor's conduct had not been blameless, the Court declined to award punitive damages.

After the Debtor received his discharge, the Delli Gattis filed an action against the Debtor in state court based on their discharged claim. Heath represented them in this action. Heath had not represented the Delli Gattis in the bankruptcy case. On September 16, 2005, the Debtor filed this adversary proceeding, seeking damages for violation of the discharge injunction. The Delli Gattis conceded that their initial complaint had violated the discharge injunction.

---

[1] The claim, which asserted both priority and secured status, was ultimately disallowed.

However, they contended that they had subsequently amended their complaint and that the amended complaint did not do so. At a hearing on September 21, 2005, the Court ruled to the contrary and ordered the Delli Gattis to dismiss the state court action and to expunge the lis pendens that had been recorded based on that action.

The Debtor's request for damages was set for trial. The trial was initially scheduled to take place on March 24, 2006. At the Delli Gattis' request, the trial was delayed and was rescheduled for July 21, 2006. The Debtor filed a trial brief on July 24, 2006. On the same day, the Delli Gattis filed a motion to postpone the trial a second time. The motion was denied. However, at the time of trial, it appeared that neither party had exchanged documents one week before the trial date as directed by the Court's scheduling order. Both parties asked that the other party's documents be excluded but asked that their own documents be admitted.

The Court concluded that, under the circumstances, neither side should be able to introduce any documents and the trial should be continued. However, the Court inquired why a trial was necessary. Since the only issue was the amount of the damages and the damages consisted of attorneys' fees, the Court speculated that a motion for summary judgment would be the proper way to proceed. As a result, no new trial date was scheduled. On August 1, the Debtor filed a motion for summary judgment. The Delli Gattis filed an opposition. The Debtor filed a reply. The parties appeared at a hearing on the motion, and at the conclusion of the hearing the Court took the motion under submission.

**DISCUSSION**

In the motion for summary judgment, the Debtor sought compensatory damages totaling $15,089.72 and punitive damages totaling $30,179.44. The $15,089.72 represented $13,514.75 in fees and $597.47 in costs actually incurred plus an additional $997.50 in estimated fees and costs to be incurred. The motion was supported by a declaration describing in detail the work performed, time spent, and rates charged.

The motion disclosed that the Debtor had settled with Heath and indeed contained a time entry relating to that settlement. However, it did not disclose the amount of the settlement or whether payment had been received. The Debtor urged the Court to award punitive damages as well as compensatory damages. He suggested that the Court's failure to do so when Mr. Delli Gatti violated the automatic stay may have contributed to this further violation of the Bankruptcy Code.

The Delli Gattis objected to the request for damages, both compensatory and punitive. They contended that the amount requested for attorneys' fees was excessive. They argued that, because the Debtor had failed to comply with the Court's scheduling order, no fees after that date should be awarded. They also contended that, at a minimum, the Court was required to reduce the amount of the award by the amount of the Debtor's settlement with Heath. Moreover, they contended that, since Heath was an attorney and the Delli Gattis were not, Heath should be held solely liable for the violation.

4

At the hearing, the Debtor disclosed that the amount of the settlement with Heath was $6,500, of which he had received to date only $1,500. The Debtor conceded that he was only entitled to a single recovery and suggested that the Court's order indicate a credit against the judgment amount for the $1,500 in settlement payments received to date and direct the Debtor to file a partial satisfaction of judgment with respect to future payments.

The Court has considered the evidence and argument submitted by the parties and concludes as follows:

**Compensatory Damages:**

The Court will award the Debtor compensatory damages totaling $10,465.75 in fees and $597.47 in costs for a total of $11,063.22. Although the Court believes that the Debtor could have proceeded by summary judgment in the first instance, if he had complied with the scheduling order, he could also have proceeded by trial. To do so, the Court estimates would have taken no more than one hour.

The Court finds the work performed through the day of the trial and the fees charged for that work reasonable. However, the work performed thereafter was unnecessary. Thus, the Court has deducted the fees requested for work performed thereafter, added one hour's worth of time for the trial that could have taken place had the Debtor complied with the Court's scheduling order, and then added two more hours for finalizing matters in the adversary proceeding.

With respect to the settlement, the Court will adopt the Debtor's suggestion. The award will be for the full amount of $10,465.75 less a credit of $1,500 for a net amount of $8,965.75.

5

The Debtor will be directed to file in this proceeding a partial satisfaction of judgment promptly each time a payment is received from Heath, indicating the amount of the payment received. The judgment against the Delli Gattis will be deemed reduced by the amount of the payment.

**Punitive Damages:**

The Court will award the Debtor punitive damages of $5,000. The Court does so despite its belief that the Delli Gattis' financial circumstances are modest. The Court is persuaded that, absent such an award, the deterrence purpose will not be served and further violations of the Bankruptcy Code may occur. Normally, the fact that the Delli Gattis were represented by counsel would have caused the Court to place a greater share of the blame on the attorney representing them. However, the Court has had considerable opportunity to observe the Delli Gattis' conduct in this case. The Court is persuaded that they knew or should have known that they were acting improperly in continuing to prosecute a claim either against the Debtor or with respect to the real property in question.

Counsel for the Debtor is directed to submit a proposed form of order and judgment in accordance with this decision.

END OF DOCUMENT

```
                         COURT SERVICE LIST

 Richard Seim
 133 Race St.
 San Jose, CA  95126

 Rocky Ortega
 Law Offices of Rocky Ortega
 405 El Camino Real, Ste. 302
 Menlo Park, CA 94025-5240
```